**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Earl JAMES, Defendant–Appellant.**

No. 06–10744.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2007 *.

Filed Nov. 8, 2007.

Diane J. Humetewa, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Gerald A. Williams, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: NOONAN and McKEOWN, Circuit Judges, and TRAGER **, District Judge.

### MEMORANDUM ***

Defendant Earl James ("James") appeals his conviction and sentence for two counts of aggravated sexual abuse of a child under the age of twelve pursuant to 18 U.S.C. § 2241(c) and one count of abusive sexual contact pursuant to 18 U.S.C. § 2244(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

The parties are presumed to be familiar with the facts of the case, which are detailed in the briefs and excerpts of record filed under seal with the Court. The only issue raised on appeal is whether the district court erred when it allowed the government to introduce, pursuant to Federal Rule of Evidence 414, evidence of a prior conviction for sexual assault of a child. We review the district court's ruling that this evidence was admissible for an abuse of discretion. *See United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir.2001).

Before admitting this evidence, the district court properly applied Federal Rule

---

** The Honorable David G. Trager, District Court Judge, Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Evidence 403 and considered whether probative value was outweighed by the risk of unfair prejudice. *See id.*, 260 F.3d at 1022. The district court fully considered the five-factor test set forth by the Ninth Circuit for determining whether to admit evidence of a defendant's prior acts of sexual misconduct, including "(1) 'the similarity of the prior acts to the acts charged,' (2) the 'closeness in time of the prior acts to the acts charged,' (3) 'the frequency of the prior acts,' (4) the 'presence or lack of intervening circumstances,' and (5) 'the necessity of the evidence beyond the testimonies already offered at trial.'" *Id.* at 1028 (quoting *Doe by Rudy–Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir.2000)). Based on this analysis, the court found that the evidence of the prior conviction was admissible.

The district court engaged in a thorough and reasonable Rule 403 analysis before allowing the government to introduce evidence of the prior conviction. The court allowed this evidence to be presented in a non-inflammatory fashion to prevent undue prejudice. The court also immediately provided an appropriate limiting instruction. In short, the district court weighed all of the necessary factors, reasonably concluded that this evidence was more probative than prejudicial, and then properly handled the presentation of the evidence to the jury. Based on this record, the district court certainly did not abuse its discretion. Accordingly, the conviction is

**AFFIRMED.**